Johnson, C. J.,
dissenting. A careful analysis of the case will show that the primary purpose of the action below was to set aside a conveyance and cancel a deed, made under the color of an order of salp fraudulently procured by the united action of Shields, Chittenden, Watson and Mitchell. These allegations were pat in issue by separate answers. This issue was found in favor of these four defendants. All were united in interest in this defense, though answering severally. All were so united on error in maintaining this judgment in their favor. All would be jointly affected by a judgment in favor of the plaintiffs.
Shields’ administrator, as vendor, and the others as vendees, were liable jointly either to have the land restored to plaintiffs, or to make compensation if the land had passed to bona fide purchasers.
Again, Shields was the trustee to hold and invest the purchase-money arising from the sale, and if the sale was allowed to stand, then the prayer was that the difference between the appraisement §24,000, and the price paid by the vendees $16,000, should be paid by the vendees to the vendor, to be held by him as executor or trustee for the benefit of *572 plaintiffs. If this relief had been granted, both vendor and vendees were necessary parties' to the decree, but it was refused and a judgment dismissing plaintiff’s petition in that behalf was rendered. To reverse this all the defendants were necessary parties defendant, and all were united in interest in maintaining this judgment against plaintiff.
Again, there was a general prayer for equitable relief. This gave the court the power either to cancel the deed and restore the title to the heirs, and in so doing order a return of the $16,000 by the vendor to the vendees, or to allow the title to stand, and decree such additional compensation to the heirs,, as the value of the land exceeded the price paid. If all were, as charged, guilty of fraud, all four defendants were jointly liable to a money judgment for this difference. But on this issue judgment was against the plaintiffs and in favor of all the defendants. They are united in interest in maintaining this judgment, though in form it may be several.
If the majority of the court is correct, the fraudulent vendees are now out of court, and should this court reverse the judgment in this respect, it will be unable to render the judgment that the court below should have rendered, as the vendees who are thus jointly liable have been dismissed.
Thus the court will be deprived oí the power to render any adequate judgment for the wrongful acts of all.
For these and other reasons, I cannot assent to the judgment. My dissent is not to the syllabus, but to the construction which is placed upon the pleadings and judgment below.
I think all defendants, though not joint contractors, are “ otherwise united in interest,” and therefore that service on one saves the case as to all, as is settled by a great number of • cases in Ohio, with which this opinion is manifestly in conflict, especially with Hawes v. Sidener, 37 Ohio St. 532, 6th point, where the exact question was decided. See also Buckingham v. Commercial Bank, 21 Ohio St. 131; Secor v. Witter, 39 Ohio St. 218; Wilkins v. Phillips, 3 Ohio, 49; Meese v, O’Keefe, 10 Ohio, 362; Bradford v. Andrews, 20 Ohio St. 208; Massie v. Mathews, 12 Ohio St. 361; Sturgess v. Longworth, 1 Ohio St. 544; 10 Ohio, 17.